**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52977/52978**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 4, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| OWEN ROBERT SEATZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgments of conviction and unified sentences of five years, with a minimum period of confinement of two years, for possession of a controlled substance, and thirty years, with fifteen years determinate, for aggravated battery with use of a firearm, affirmed; orders relinquishing jurisdiction, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 52977, Owen Robert Seatz pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified term of five years with two years determinate. In Docket No. 52978, Seatz pled guilty to aggravated battery with use of a firearm, I.C. §§ 18-907, 19-2520. The district court imposed a unified term of thirty years with fifteen years determinate. In exchange for his guilty pleas, additional charges were dismissed. The district court retained jurisdiction in both cases. Following a hearing, the district court relinquished jurisdiction and imposed the underlying sentences. Seatz filed an Idaho Criminal

1

Rule 35 motion for reduction of sentence in both cases, which were denied by the district court. Seatz appeals, asserting that the district court abused its discretion by imposing excessive sentences, relinquishing jurisdiction, and denying the I.C.R. 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in these cases show that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Seatz has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Seatz's I.C.R. 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the records, including any new information submitted with Seatz's I.C.R. 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Seatz's judgments of conviction and sentences and the district court's orders relinquishing jurisdiction and denying Seatz's I.C.R. 35 motions are affirmed.